UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL L. CASTRO,

                    Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
CORRECTIONS; ACTING WARDEN OF
NORTH INFIRMARY COMMAND;
CAPTAIN KORETS,

                    Defendants.

21-CV-0686 (CM)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION FOR
RELEASED PRISONER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff proceeds *pro se* and was detained in the Eric M. Taylor Center on Rikers Island when he filed this action. A plaintiff who qualifies under the Prison Litigation Reform Act (PLRA) as a prisoner when he files a complaint faces certain restrictions.[1] *See Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'") (citation omitted). A prisoner proceeding *in forma pauperis* (IFP), for example: (1) must pay the $350.00 filing fee in installments withdrawn from his prison trust fund account, 28 U.S.C. § 1915(b)(1), and (2) can be disqualified from proceeding IFP, that is, without prepaying the filing fee, if he has previously filed three federal civil actions (or appeals), while he was a prisoner, that were dismissed as frivolous, malicious, or

---

[1] Under the PLRA, a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h).

for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(g) (the "three strikes" rule).[2]

Before the Court resolved Plaintiff's request to proceed IFP, the Court ascertained from public records that Plaintiff had been released from custody. Upon a prisoner's release, "his obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for [IFP] status." *McGann v. Comm'r of Social Security*, 96 F.3d 28, 30 (1996). "A released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners." *Id.*

Because Plaintiff is no longer in the custody of the New York City Department of Correction, his financial situation may have changed. The Court therefore directs that if Plaintiff wishes to prosecute this action and proceed IFP, he must submit an amended IFP application within thirty days. Alternatively, Plaintiff may prepay $402.00 in relevant fees, which includes the $350.00 filing fee and a $52.00 administrative fee that applies to litigants who are not proceeding IFP. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed for failure to comply with this order, without prejudice to Plaintiff's refiling the action.

Even if Plaintiff's release means that he "may litigate without further prepayment of fees," *id.*, his release does not change the fact that if he qualified as a prisoner at the time that he filed this action, then dismissal of this action for failure to state a claim, or as frivolous or malicious, could qualify as a strike for purposes of § 1915(g).

---

[2] A plaintiff who was a prisoner at the time of filing the complaint is also required to have exhausted prison grievance remedies, 28 U.S.C. § 1997e(a).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so. Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Fields v. Beem*, No. 13-CV-0005 (GTS)(DEP), 2013 WL 3872834, at *2 (N.D.N.Y. July 24, 2013) ("A plaintiff is required to notify the Court when his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint.") (collecting cases).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff at the Eric M. Taylor Center, his last known address, and note service on the docket.

The Clerk of Court is further directed to include a change of address form with this mailing.

Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees that are required to file a civil action in this Court or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 21-CV-0686 (CM). Plaintiff must also notify the Court of all updates to his address of record.

No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed for failure to comply with this order, without prejudice to Plaintiff's refiling it.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: February 19, 2021
       New York, New York

                                        COLLEEN McMAHON
                                      Chief United States District Judge